IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF PUERTO RICO

BEATRIZ MAYMI-TORRES
JUAN C. MORALES and the conjugal
partnership constituted between them

Plaintiffs

vs                                               CIVIL 09-1325CCC

CORPORACION DEL FONDO DEL
SEGURO DEL ESTADO;
LUIS R. RAMOS-NAVARRO in his official
and personal capacity;
his wife JANE DOE and the conjugal
partnership constituted between them;
RICHARD DOE and JOHN DOE;
and XYZ INSURANCE COMPANIES

Defendants

# O R D E R

This action, alleging sexual harassment and discrimination was filed pursuant to Title VII of the Civil Rights Act, 42 U.S.C. §2000e, et seq., with supplemental claims under Puerto Rico law. Now before the court is defendant Corporación del Fondo del Seguro del Estado's (SIF) Motion to Dismiss, incorrectly entitled "Motion for Summary Judgment" (**docket entry 20**) which was joined by defendant Luis R. Ramos-Navarro (**docket entry 37**), which plaintiff opposed (docket entry 22). A reply and sur-reply followed (docket entries 23 and 26, respectively).

It is defendants' contention that "Maymí's Title VII claims were not presented within ninety (90) days of the issuance of the corresponding right to sue letter and are thus time-barred." Motion, at 1. SIF contends that Puerto Rico's Antidiscrimination Unit (ADU) issued its right-to-sue letter on June 25, 2008 and the Equal Employment Opportunity Commission (EEOC) issued its right-to-sue letter on September 30, 2008, both of which are included as exhibits, while plaintiff'' complaint was filed on April 3, 2009, or close to six months after the last letter was allegedly issued.

CIVIL 09-1325CCC                                         2

Title 42 U.S.C. §2000e-5(f)(1) states, in pertinent part, with respect to the time for filing a complaint: ". . . the Commission, . . . shall so notify the person aggrieved and <u>within ninety days after the giving of such notice</u> a civil action may be brought against the respondent named in the charge (A) by the person claiming to be aggrieved...." (Our emphasis.)

Plaintiff argues at ¶8 of her opposition that when she contacted the EEOC to obtain information about the status of the case, she "was informed that the right to sue letter had been sent by certified mail on September 30, 2008. However, the EEOC had no certified mail receipt, nor a return receipt which could confirm that the right-to-sue letter was ever sent by mail and/or received." In fact, plaintiff's Exhibit IV reflects that the United States Postal Service (USPS) Track and Confirm system contains no record of the certified mail number– 7008 1830 003 7745 7040--purported to be for plaintiff's Notice of Right to Sue.

In reply to the opposition, the SIF includes what it purports to be the Certified Mail receipt for the original September 30, 2008 mailing evidencing that the right-to-sue letter was mailed on that date. While the form reflects the same number on the margin, it contains only a handwritten number at the top, "16H-2008_00143" and the handwritten date "9/30/08" where the postal stamp would be. The partially completed form contains no amounts for postage and fees, nor is the name or address of the party to whom the item was addressed. Nor is there the official stamp that the post office has processed the item for mailing.

While defendant is adamant that this receipt, along with the fact that the letters were not returned to the commission, constitutes evidence of the letter's delivery to the plaintiff, the SIF fails to address the fact that the USPS Track & Confirm system had no record of this item. If anything, along with the USPS' lack of a record that a certified notice with that number had ever been mailed, the partially completed form and the lack of return of the letter supports, in the first place, that the notice was, in fact, not mailed on September 30, 2008.

CIVIL 09-1325CCC                                      3

Contrary to the SIF's position EEOC Coordinator, María (Ina) DePaz stated to plaintiff and her attorney in a January 22, 2009 letter that

> As of the date of this letter, we do not have any knowledge that Charging Party or her representative Lcda Alicia Santos, have received such document. Enclosed please find the United States Track and Confirm stating that "There is no such record of this item. We are re-mailing said notice again to both parties with the Charging Parties' copy sent via Certified Mail #7008 2810 0000 5251 9073."

The Commission's own willingness to recognize that the USPS has no record of the notice ever having been sent by certified mail, we cannot rely on a "receipt" only partially filled out by an unknown person to substantiate notice that starts the clock on a prescriptive period for filing this action.  Accordingly, the SIF's motion to dismiss, erroneously entitled "Motion for Summary," (**docket entry 20**) is DENIED.

SO ORDERED.

At San Juan, Puerto Rico, on June 29, 2010.

                                        S/CARMEN CONSUELO CEREZO
                                         United States District Judge